[Crim. No. 267.   Second Appellate District.—January 28, 1913.]

## THE PEOPLE, Respondent, v. BERNARD C. SITZ, Appellant.

CRIMINAL LAW—OBTAINING MONEY BY FALSE PRETENSES—APPEAL—. ESCAPE—CONDITIONAL ORDER OF DISMISSAL.—Where a defendant convicted of the crime of obtaining money by false pretenses, has appealed to this court, and it appears from the affidavit of the sheriff that the defendant escaped from custody pending such appeal, the appellate court will make the conditional order that, unless the defendant shall, within thirty days from the filing of the affidavit, surrender himself to the custody of the sheriff, his appeal shall, without further order, stand dismissed.

APPEAL from a judgment of the Superior Court of Kern County and from an order denying a new trial. Paul W. Bennett, Judge.

The facts are stated in the opinion of the court.

Joseph H. Tam, for Appellant.

U. S. Webb, Attorney-General, and George Beebe, Deputy Attorney-General, for Respondent.

THE COURT.—Defendant was convicted of the crime of obtaining money under false pretenses, the judgment of the court being that he be imprisoned in the state prison for the term of five years. He appealed from the judgment and an order of court denying his motion for a new trial; and upon the issuance of a writ of probable cause he was remanded to the custody of the sheriff pending the hearing of his appeal. Thereafter, and during the pendency of his appeal, as shown by the affidavit of the sheriff, he escaped from custody and thence to the hearing of his appeal has remained at large. Upon the authority of *People* v. *Redinger,* 55 Cal. 290, [36 Am. Rep. 32], and *People* v. *Elkins,* 122 Cal. 654, [55 Pac. 599], the attorney-general has moved to dismiss the appeal. That defendant escaped from the lawful custody of the sheriff and is now at large conclusively appears from the affidavit filed in support of the motion.

The case is identical with those above cited, and upon the authority thereof it is ordered that, unless defendant shall within thirty days from the date of the filing hereof surrender to the custody of the sheriff of Kern County, his appeal herein shall, without further order, stand dismissed.