150 Cal.App.2d 590 (1957)
Estate of EVELYN T. SCOTT, a Missing Person. L. EWING SCOTT, Appellant,
v.
CITIZENS NATIONAL TRUST AND SAVINGS BANK OF LOS ANGELES, as Trustee, et al., Respondents.
Civ. No. 22004. 
California Court of Appeals. Second Dist., Div. Three. 
Apr. 30, 1957.
 Beardsley, Hufstedler & Kemble and Seth M. Hufstedler for Appellant.
 Daniels, Elson & Mathews and Ernest W. Pitney for Respondents.
 VALLEE, J.
 Appeal from an order appointing a trustee of the estate of Evelyn T. Scott, a missing person. *591
 E. Raymond Throsby, a brother of Mrs. Scott, instituted this proceeding by filing a petition for his appointment as trustee of her estate. The petition alleges that Mrs. Scott is missing; she has property which requires care and attention; she has no living parents or brothers or sisters with the exception of petitioner; and she is reputed to be married to L. Ewing Scott but, on information and belief, he had not taken any steps to preserve her property, and his interests are antagonistic to her estate. L. Ewing Scott filed objections to the petition, alleging he and Evelyn T. Scott are husband and wife; she is a missing person; Throsby was not entitled to appointment and is not a fit or proper person to act. L. Ewing Scott did not ask that he be appointed trustee. He filed a document nominating The Farmers and Merchants National Bank of Los Angeles as trustee and an acceptance by that bank should it be appointed.
 After hearing the court found: 1. Evelyn T. Scott is a missing person and owns property in the county of Los Angeles which requires immediate care and attention. 2. A trustee should be appointed. 3. L. Ewing Scott is the husband; Throsby, the brother of Evelyn. 4. Evelyn has no children, no living parents, and no other brothers or sisters. 5. Throsby is not a suitable person to act as trustee. 6. L. Ewing Scott is not a suitable person to act as trustee. 7. "L. Ewing Scott, after the disappearance of his wife, Evelyn T. Scott, failed to take steps to conserve her estate; and that there is a substantial conflict of claim and interest between L. Ewing Scott, husband of Evelyn T. Scott, and the Estate of Evelyn T. Scott; and for that reason the nominee of said L. Ewing Scott, The Farmers and Merchants Bank of Los Angeles, is not suitable to take charge and possession of such estate and manage and control it and is not entitled to appointment." 8. There is no person entitled to participate in the distribution of the estate, were Evelyn dead, who is suitable to act as trustee. 9. Citizens National Trust and Savings Bank of Los Angeles is a suitable person to be appointed trustee and has consented to act. On April 20, 1956, an order was made appointing that bank trustee. L. Ewing Scott appeals from the order.
 Respondents have moved to dismiss the appeal on various grounds, among them that appellant is a fugitive from justice. On April 26, 1956, appellant was indicted by the grand jury of the county of Los Angeles on nine counts of forgery and four counts of grand theft, alleged to have arisen out *592 of his activities in connection with his missing wife's property. On May 1, 1956, he was arraigned in the superior court and ordered released from custody on his furnishing bail in the amount of $25,000. He was ordered to return to department 41 on May 15, 1956, for plea. He furnished the bail and was released from custody. On May 15, 1956, he failed to appear before the superior court for plea, his bail was ordered forfeited, and since that time he has been a fugitive from justice. These facts are not disputed.
 [1] One who, with knowledge that he is being sought pursuant to court process in a criminal action, absents himself or flees is a fugitive from justice. (Tobin v. Casaus, 128 Cal.App.2d 588, 592 [275 P.2d 792, 49 A.L.R.2d 1419].) The fact that he may be innocent does not change his fugitive status. (In re Thurber, 37 Cal.App. 571, 572 [174 P. 112].)
 Appellant is in contempt of the superior court in a criminal action brought against him. He is not in contempt of that court in this proceeding. The question is: Should his appeal in this proceeding be dismissed because he is in contempt of the superior court in the criminal action?
 In MacPherson v. MacPherson, 13 Cal.2d 271 [89 P.2d 382], the appellant was in contempt of the superior court in the proceeding in which he was appealing and he was also a fugitive from justice in a separate criminal action. Dismissing the appeal, the court stated (p. 277):
 "A party to an action cannot, with right or reason, ask the aid and assistance of a court in hearing his demands while he stands in an attitude of contempt to legal orders and processes of the courts of this state."
 Travis v. Travis, 89 Cal.App.2d 292 [200 P.2d 843], was an appeal from an order made in a suit to set aside an interlocutory decree of divorce and for an injunction to restrain enforcement of some of its provisions. The appeal was not from an order made in the divorce action. The appellant was in contempt of the superior court in the divorce action for failure to comply with the interlocutory decree. Dismissing the appeal, this court observed (p. 295):
 "The fact that the present appeal is from an order made in a suit to set aside the interlocutory decree and for an injunction to restrain enforcement of the support provisions of the decree and not from an order made in the divorce action itself does not alter the result. The rationale upon which relief is denied is that it would be a flagrant abuse of the principles of equity and of the due administration of justice *593 to consider the demands of a party who becomes a voluntary actor before a court and seeks its aid while he stands in contempt of its legal orders and processes. By the present action and by this appeal appellant is seeking the court's aid to vacate and set aside provisions of the interlocutory decree providing for the support of respondent and three minor children and to enjoin their enforcement when he has treated the decree of the court with contempt and removed himself from the jurisdiction so that it cannot be enforced."
 In Weeks v. Superior Court, 187 Cal. 620 [203 P. 93], in which the petitioner sought a writ of mandate, refusal to issue the writ was predicated on the fact the petitioner was in contempt of the superior court. Monterey Coal Co. v. Superior Court, 11 Cal.App. 207 [104 P. 585], and Knackstedt v. Superior Court, 79 Cal.App.2d 727 [180 P.2d 375], are to the same effect. In Paddon v. Superior Court, 65 Cal.App. 479 [224 P. 474], prohibition was denied on the same ground.
 In National Union of Marine Cooks & Stewards v. Arnold, 348 U.S. 37 [75 S.Ct. 92, 99 L.Ed. 46], a money judgment was obtained against the union in the superior court of the state of Washington. The union appealed but did not obtain a stay of proceedings. In supplemental proceedings the evidence showed the union had no assets in the state of Washington but had United States bonds in California. The court ordered the union to deliver the bonds to the court's receiver. On the union's failure to deliver the bonds, the superior court in the supplemental proceedings adjudged the union to be in contempt. The Supreme Court of Washington dismissed the union's appeal from the money judgment on the ground it was in contempt in the supplemental proceeding. On certiorari the Supreme Court of the United States stated (99 L.Ed. 51):
 "While this Court has not, until now, passed upon the constitutionality of a state court's dismissal of an appeal in a case like the present, it has decided somewhat comparable issues. Where the subject matter of litigation has been removed or has removed itself from the jurisdiction of a state court in violation of that court's orders, this Court has upheld a dismissal of the offending litigant's appeal. For example, where a prisoner has escaped from custody while his appeal is pending, this Court has upheld a dismissal of his appeal. Cf. Eisler v. United States, 338 U.S. 189 [93 L.Ed. 1897, 69 S.Ct. 1453], and 338 U.S. 883 [94 L.Ed. 542, 70 S.Ct. 181]. Similarly, after a state prisoner's recapture, this Court has *594 sustained a state court's refusal to revive his appeal. Allen v. Georgia, 166 U.S. 138 [41 L.Ed. 949, 17 S.Ct. 522]. See also Smith v. United States, 94 U.S. 97 [24 L.Ed. 32]; State v. Handy, 27 Wash. 469 [67 P. 1094]; People v. Genet, 59 N.Y. 80 [17 Am.Rep. 315]; Commonwealth v. Andrews, 97 Mass. 543. ..."
 "The dismissal here is not regarded by us as a penalty imposed as a punishment for criminal contempt. It is an exercise of a state court's inherent power to use its processes to induce compliance with a supplemental order reasonably issued in aid of execution."
 It was held that neither the due process nor the equal protection clause of the Fourteenth Amendment was violated by the dismissal of the appeal.
 [2] On the facts, appellant has wilfully and purposely evaded the processes of the superior court and contumaciously defied its orders. Such contempt bars him from receiving the consideration of this court. It is contrary to the principles of justice to permit one who has flaunted the orders of the courts to seek judicial assistance. The merits of the claims he urges in support of his appeal will not be determined.
 The appeal is dismissed.
 Shinn, P. J., and Wood (Parker), J., concurred.