[Crim. No. 6791. Fourth Dist., Div. One. July 10, 1975.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSEPH WILLIAM BUFFALO, Defendant and Appellant.

**COUNSEL**

Paul Bell, under appointment by the Court of Appeal, for Defendant and Appellant.

Evélle J. Younger, Attorney General, Karl J. Phaler and John B. Moy, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**THE COURT.**—The People move to dismiss defendant Joseph William Buffalo's appeal from his conviction of second degree murder. After his trial in Orange County, Buffalo was returned to federal custody to finish serving a previously imposed sentence before beginning service on the state sentence imposed for the murder conviction. Released by error, he is now a fugitive from both state and federal authorities.

■ Dismissal of the appeal is within the court's discretion (*People* v. *Redinger*, 55 Cal. 290, 296). Although previous cases dismissing appeals deal with defendants who have escaped and are fugitives from justice, how the person came to be at large is not important. The crucial fact is Buffalo is not in either actual or constructive custody and is a fugitive.

"[C]ourts have no jurisdiction over persons charged with crime, unless in custody actual or constructive. It would be a farce to proceed in a criminal cause, unless the Court had control over the person charged, so that its judgment might be made effective." (*People* v. *Redinger*, 55 Cal. 290, 298.)

We exercise our discretion to refuse to consider the appeal of one who is not answerable to court processes.

It is ordered the appeal be dismissed unless Buffalo, within 30 days from this date, returns to the custody of proper authorities (*People* v. *Clark*, 198 Cal. 453, 454 [245 P. 1112]; *People* v. *Fuhr*, 198 Cal. 593, 594 [246 P. 1116]).