[No. C038631. Third Dist. Apr. 11, 2002.]

THE PEOPLE, Plaintiff and Appellant, v.
STEVEN WYNN KUBBY, Defendant and Appellant.

## COUNSEL

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Jo Graves, Assistant Attorney General, John G. McLean and Mark A. Johnson, Deputy Attorneys General, for Plaintiff and Appellant.

Scott Concklin, under appointment by the Court of Appeal, for Defendant and Appellant.

## OPINION

**KOLKEY, J.**—The People move to dismiss defendant Steven Wynn Kubby's cross-appeal from his convictions for possession of psilocyn and mescaline. The People claim that defendant is a fugitive from justice, and as such, has forfeited his right to appeal his convictions.

Numerous felony cases conclude that "a convicted defendant who becomes a fugitive from justice forfeits the right to appeal that conviction." (*People v. Perez* (1991) 229 Cal.App.3d 302, 308 [279 Cal.Rptr. 915].) But we have not been cited to a California case that addresses this rule in the context of misdemeanor convictions. Nonetheless, for the reasons set forth herein, we conclude that a misdemeanant who flees the state's jurisdiction to escape his jail term similarly has no right to ask the state's courts to review the very judgment that the fugitive flouts.

### FACTUAL BACKGROUND

In December 2000, a jury found defendant guilty of possession of psilocyn (Health & Saf. Code, § 11377, subd. (a)) and possession of mescaline (Health & Saf. Code, § 11350, subd. (a)), but defendant successfully moved

pursuant to Penal Code section 17, subdivision (b), to have both convictions reduced to misdemeanors. The trial court then placed defendant on probation on the condition, inter alia, that he serve 120 days in county jail. Granting the People's request for a three-month extension of defendant's surrender date, the trial court directed defendant to surrender for commitment on July 20, 2001.

The People timely filed a notice of appeal, raising as the sole issue whether the trial court had the power to reduce defendant's conviction of possession of mescaline to a misdemeanor. And defendant filed a cross-appeal from the judgment, raising a number of challenges to his underlying convictions and the terms of his probation.

On July 20, 2001, defendant failed to surrender for commitment as ordered. Defendant claims that he is residing in Canada for health reasons because incarceration without access to medical marijuana to treat his adrenal cancer would be life threatening. On July 25, 2001, the Placer County Probation Department filed a petition for revocation of probation based on defendant's failure to report to the county jail and on his change of residence without permission. On July 30, 2001, the trial court issued a bench warrant for defendant's arrest as a result of his violation of probation.

In light of defendant's failure to surrender and the issuance of the bench warrant, the People now move to dismiss defendant's cross-appeal, arguing that defendant has forfeited his right to appeal his conviction.

## DISCUSSION

■ "It is well settled that [a reviewing] court has the inherent power to dismiss an appeal by any party who has refused to comply with the orders of the trial court." (*TMS, Inc. v. Aihara* (1999) 71 Cal.App.4th 377, 379 [83 Cal.Rptr.2d 834].) The theory, as expressed by the California Supreme Court in *MacPherson v. MacPherson* (1939) 13 Cal.2d 271, 277 [89 P.2d 382], is that "[a] party to an action cannot, with right or reason, ask the aid or assistance of a court in hearing his demands while he stands in an attitude of contempt to legal orders and processes of the courts of this state. [Citations.]"

This general rule has been applied to appeals in criminal cases where the appellant is a fugitive from justice: "It has long been recognized that a convicted defendant who becomes a fugitive from justice forfeits the right to appeal that conviction." (*People v. Perez, supra,* 229 Cal.App.3d at p. 308; accord, *Molinaro v. New Jersey* (1970) 396 U.S. 365, 366 [90 S.Ct. 498,

498-499, 24 L.Ed.2d 586, 588]; *People v. Redinger* (1880) 55 Cal. 290, 298; *People v. Clark* (1927) 201 Cal. 474, 477 [259 P. 47]; *People v. Buffalo* (1975) 49 Cal.App.3d 838, 839 [123 Cal.Rptr. 308]; see *Estate of Scott* (1957) 150 Cal.App.2d 590, 592-594 [310 P.2d 46].) Accordingly, the courts of this state have long found it proper to dismiss the criminal appeals of those who are fugitives from justice, often granting the defendants 30 days to return to the custody of the authorities before the dismissal becomes effective. (*People v. Redinger, supra,* 55 Cal. at pp. 298-299 [opportunity granted to return to custody before dismissal becomes effective]; *People v. Clark, supra,* 201 Cal. at p. 477; *People v. Fuhr* (1926) 198 Cal. 593, 594 [246 P. 1116] [30 days before dismissal effective]; *People v. Buffalo, supra,* 49 Cal.App.3d at p. 839 [30 days before dismissal effective]; *People v. Sitz* (1913) 21 Cal.App. 54, 55 [130 P. 858] [30 days before dismissal effective].) Such a "dismissal of an appeal on account of the escape of a prisoner is not a denial of due process" (*People v. Clark, supra,* 201 Cal. at p. 477; see *Estate of Scott, supra,* 150 Cal.App.2d at p. 594), and "[n]o judgment of contempt is required as a prerequisite to our exercising the power to dismiss." (*TMS, Inc. v. Aihara, supra,* 71 Cal.App.4th at p. 379.)

While the courts' rationale for their power to dismiss the criminal appeal of a fugitive from justice has been variously stated, it has ultimately been premised on the proposition that a fugitive has no right to ask the courts to review the very judgment that the fugitive flouts. (E.g., *Molinaro v. New Jersey, supra,* 396 U.S. at p. 366 [90 S.Ct. at pp. 498-499, 24 L.Ed.2d at p. 588]; *People v. Redinger, supra,* 55 Cal. at p. 298; *People v. Buffalo, supra,* 49 Cal.App.3d at p. 839; see *Estate of Scott, supra,* 150 Cal.App.2d at p. 594 ["It is contrary to the principles of justice to permit one who has flaunted the orders of the courts to seek judicial assistance."].) The appellate courts have occasionally expressed this rationale in practical terms, observing that it would be senseless to decide an appeal whose determination cannot be enforced. (*Smith v. United States* (1876) 94 U.S. 97 [24 L.Ed. 32].) But they have also explained their dismissal power on the basis of the more abstract principle that a fugitive *forfeits* the right to invoke the jurisdiction of the courts to review a judgment that the fugitive flouts. (See *Ortega-Rodriguez v. United States* (1993) 507 U.S. 234, 241 [113 S.Ct. 1199, 1204, 122 L.Ed.2d 581, 592]; *People v. Redinger, supra,* 55 Cal. at pp. 298-299.)

In *Molinaro v. New Jersey, supra,* 396 U.S. 365 [90 S.Ct. 498, 24 L.Ed.2d 586], for instance, the United States Supreme Court dismissed the criminal defendant's appeal after the defendant, who had been free on bail, failed to surrender himself to state authorities. The United States Supreme Court reasoned: "No persuasive reason exists why this Court should proceed to adjudicate the merits of a criminal case after the convicted defendant who

has sought review escapes from the restraints placed upon him pursuant to the conviction. While such an escape does not strip the case of its character as an adjudicable case or controversy, we believe it *disentitles* the defendant to call upon the resources of the Court for determination of his claims." (*Molinaro v. New Jersey, supra,* 396 U.S. at p. 366 [90 S.Ct. at pp. 498-499, 24 L.Ed.2d at pp. 587-588], italics added.)

In *People v. Redinger, supra,* 55 Cal. 290—the first California court to address the courts' power to dismiss a fugitive's criminal appeal—the California Supreme Court cited both enforceability concerns and the fugitive's waiver of his right to appear by counsel on appeal in ruling that it had the power to dismiss the fugitive's appeal from his murder conviction: "In fact, courts have no jurisdiction over persons charged with crime, unless in custody actual or constructive. It would be a farce to proceed in a criminal cause, unless the Court had control over the person charged, so that its judgment might be made effective. . . . [¶] It may be urged that, inasmuch as the defendant need not personally appear in the Appellate Court, [citation] he has a right to appear by counsel, whether he is in custody or not. For the reasons here given . . . , we think the defendant has no longer a right to appear by counsel, when he has escaped from custody, until he has returned into custody. By breaking jail and escaping, he had waived the right to have counsel appear for him. [Citation.] In fact, his right to constitute counsel and invest him with authority no longer exists while his absence from custody continues." (*People v. Redinger, supra,* 55 Cal. at pp. 298-299.)

█ In this case, defendant was ordered to surrender to the custody of Placer County jail officials on July 20, 2001. Defendant's failure to surrender as ordered resulted in a petition to revoke his probation and the issuance of an arrest warrant. Defendant does not deny that he has knowingly absented himself from this state's jurisdiction, and in fact, asserts that he has done so for health reasons. "One who, with knowledge that he is being sought pursuant to court process in a criminal action, absents himself or flees is a fugitive from justice." (*Estate of Scott, supra,* 150 Cal.App.2d at p. 592.) Accordingly, defendant is, without question, a fugitive from justice. As such, and based on the rationale of the foregoing cases, he has forfeited his right to appeal his jail term while he flouts it.

From his new home in Canada, defendant, through counsel, makes several arguments in opposition to the People's motion to dismiss.

First, defendant contends that "[t]he power to dismiss an appeal brought by a fugitive from justice applies only to *felony* convictions" because felony cases, but not misdemeanors, require the custodial presence of defendant.

(Original italics.) Citing *People* v. *Redinger, supra,* 55 Cal. at page 297, he argues that defense counsel's power to appear and defend in felony cases requires the custodial presence of the defendant and therefore defendant's absence denies counsel the right to pursue the appeal. Citing *Beasley v. Municipal Court* (1973) 32 Cal.App.3d 1020, 1025 [108 Cal.Rptr. 637], he contends that "[u]nlike felony jurisdiction, . . . in a criminal case involving a misdemeanor offense, the defendant may appear entirely through counsel." Accordingly, defendant argues that "the felony jurisdiction rationale that underlies . . . *Redinger* and progeny does not apply to cases involving misdemeanors."

But while *People v. Redinger, supra,* 55 Cal. at page 297, stated that "the power to appear and defend, at least in a case amounting to felony, does not exist in the counsel at all in the absence of the defendant," the court premised its power to dismiss a fugitive's appeal not narrowly on the ground that defense counsel has no right to pursue an appeal where the defendant is outside the court's jurisdiction, but on the broader doctrine that "[i]t would be a farce to proceed in a criminal cause, unless the Court had control over the person charged, so that its judgment might be made effective." (*People v. Redinger, supra,* 55 Cal. at p. 298; accord, *People v. Buffalo, supra,* 49 Cal.App.3d at p. 839.) Moreover, the California Supreme Court in *People v. Redinger, supra,* 55 Cal. at page 298, observed that even though a defendant need not appear in appellate court and has the right to appear by counsel, whether he is in custody or not, "[b]y breaking jail and escaping, he had waived the right to have counsel appear for him." Thus, the rationale for dismissing a fugitive's appeal is broader than counsel's power to appear in defendant's absence, but is ultimately premised on the inherent injustice of allowing a fugitive who has flouted the courts' jurisdiction to invoke it to review the very judgment from which he flees.

We see no reason why this rationale should not apply to a misdemeanant who flees from the jurisdiction to avoid the incarceration term of his probation. A misdemeanant who places himself outside the court's control to avoid a jail term has prevented the effective exercise of the court's jurisdiction and should not be permitted to invoke it to challenge the judgment he flouts.

That conclusion is bolstered by the reasoning in *Smith v. United States, supra,* 94 U.S. 97 [24 L.Ed. 32], which was cited by the California Supreme Court in *People v. Redinger, supra,* 55 Cal. at page 295. In *Smith,* the United States Supreme Court refused to hear a writ of error in a criminal case brought by a fugitive, reasoning that it should not be placed in a position of ruling on a case where the fugitive would decide whether to submit to the

ruling: "In this case, it is admitted that the plaintiff in error has escaped, and is not within the control of the Court below, either actually by being in custody, or constructively by being out on bail. If we affirm the judgment, he is not likely to appear to submit to his sentence. If we reverse it, and order a new trial, he will appear or not, as he may consider most for his interest. Under such circumstances, we are not inclined to hear and decide what may be a moot case." (*Smith, supra*, 94 U.S. at p. 97 [24 L.Ed. at p. 32].)

The same consideration applies here. Defendant's flight from the court's jurisdiction makes a mockery of the justice system because it places the misdemeanant, rather than the courts, in the position of determining whether to submit to the court's judgment.

While it is true that on a misdemeanor charge, "if [defendant] chooses to be represented by counsel, he need not personally appear for trial unless the court has ordered that he be present at trial for identification or other purposes" (*Beasley v. Municipal Court, supra*, 32 Cal.App.3d at p. 1025), the right not to appear in a misdemeanor case does not afford defendant a right *after* conviction to flee the jurisdiction to avoid compliance with the court's orders. Once probation is granted, the defendant " 'is bound by the terms and conditions of the court's probation order.' " (*People v. Johnson* (1993) 20 Cal.App.4th 106, 110 [24 Cal.Rptr.2d 628]; accord, *People v. Lewis* (1992) 7 Cal.App.4th 1949, 1954 [10 Cal.Rptr.2d 376]; 3 Witkin & Epstein, Cal. Criminal Law (2d ed. 1989) Punishment for Crime, § 1622, p. 1934.)

Defendant next argues that an order granting probation—even though it is conditioned upon imprisonment in the county jail—is not a sentence. (*People v. Carter* (1975) 48 Cal.App.3d 369, 375 [121 Cal.Rptr. 677].) Accordingly, defendant claims that he "is merely a probationer charged with [a] violation of misdemeanor probation." He suggests that the bench warrant cannot make him a fugitive from justice because it is issued ex parte and is merely a summary revocation of probation that does not prove the violation of probation.

However, it matters not whether a jail term of probation constitutes an actual sentence. What matters, for purposes of the right to dismiss defendant's appeal, is that there is no dispute that defendant fled from the court's jurisdiction to avoid compliance with the order that he surrender to the Placer County jail officials. Defendant argues that he has a defense to the charge that he violated his probation because "[h]is relocation to Canada was with the permission of the court." But the portion of the record to which defendant cites shows that he was only granted permission to go to Canada and to return on April 27, 2001. In no way did that give defendant permission to ignore his subsequent surrender date of July 20, 2001 and remain in

Canada. More revealing is defendant's admission in his declaration that he decided to move to Canada after his initial interview with his probation officer because he concluded that incarceration would endanger his health.

Still, we do not suggest in any way that every charged violation of a term of probation that results in the issuance of a bench warrant can serve as a basis for dismissal of an appeal. But where it is undisputed that the misdemeanant has fled the jurisdiction to avoid his jail term, he forfeits his right to invoke the court's jurisdiction on appeal because "[i]t would be a farce to proceed in a criminal cause, unless the Court had control over the person charged, so that its judgment might be made effective." (*People v. Redinger, supra,* 55 Cal. at p. 298.)

■ Third, defendant argues that because he did not initiate the appellate process—he filed his cross-appeal after the People filed their notice of appeal—his cross-appeal cannot be dismissed. Defendant cites *Doe v. Superior Court* (1990) 222 Cal.App.3d 1406, 1409-1410 [272 Cal.Rptr. 474] (hereinafter referred to as *Polanski,* the real party in interest in that case), where a divided court held that a defendant's fugitive status is not an impediment to *defending* a civil action.[1] Defendant argues that his right to defend against the People's appeal should include the right to a cross-appeal.

But defendant's cross-appeal is more than a mere defense to the People's appeal. The People's appeal only addresses the court's order reducing to a misdemeanor defendant's conviction for mescaline possession. In contrast, defendant's cross-appeal seeks affirmative relief, namely, a reversal of his conviction and a vacatur of various terms of probation.

In *Polanski,* the Court of Appeal did not disagree with the cases that authorize dismissal of a fugitive's criminal appeal, but merely distinguished such cases from the right to defend against a lawsuit brought by another party: "[The plaintiff's] reliance on disentitlement doctrine cases is misplaced. In each, the relevant proceeding was *initiated by the fugitive.* In the matter before us, it was [the plaintiff] who initiated the lawsuit, bringing Polanski into the civil arena of the California court system. Having appeared to defend himself, Polanski does not seek relief in his own right; rather, he merely seeks the opportunity to be heard and present any defenses he may have to [the plaintiff's] causes of action." (*Polanski, supra,* 222 Cal.App.3d at p. 1409, original italics, fn. omitted.)

We see no reason why a fugitive from justice who seeks to prosecute a cross-appeal should be held to any different standard than a fugitive from

---

[1]See also *In re Kamelia S.* (2000) 82 Cal.App.4th 1224, 1228 [98 Cal.Rptr.2d 816] (doctrine of disentitlement is applicable only when the party who initiates the judicial proceeding is the fugitive seeking relief).

justice who seeks to prosecute an appeal. Both invoke the court's jurisdiction to seek affirmative relief while simultaneously absconding from the court's jurisdiction to avoid compliance with the judgment they attack.[2]

Finally, defendant argues that because dismissal is discretionary (*People v. Buffalo, supra,* 49 Cal.App.3d at p. 839), this court should exercise its discretion not to dismiss his cross-appeal because good grounds exist to allow it to stand. Defendant cites his declaration, in which he states that he suffers from pheochromocytoma, a form of adrenal cancer and a life-threatening condition. Defendant avers that he has been a regular user of marijuana, which has been effective in controlling the symptoms associated with this disease, but was informed that he would not be allowed the medicinal use of marijuana in jail. Accordingly, defendant declares that if "incarcerated in the Placer County jail, [he] will die there" and that he does not consider himself a fugitive from justice because "safe compliance" with the incarceration term of his probation is "impossible."

█ We are sympathetic to defendant's medical condition. But his medical condition does not constitute grounds for our refraining from dismissing his appeal as a result of his fugitive status for several reasons.

First, defendant's claim that he had no choice but to flee in light of his medical condition overlooks the fact that defendant had legal alternatives to violating the court's order. For instance, he could have sought a stay of the imposition of the jail term, pending resolution of both the People's appeal and his cross-appeal. (Pen. Code, § 1467; see Cal. Rules of Court, rule 32(a).) Indeed, the trial court suggested that defendant move for a stay of execution of the order of probation, but for reasons left unexplained, defendant failed to avail himself of that opportunity. Instead, he decided to take the law into his own hands and flee the jurisdiction of the court. For that, we have little sympathy.[3]

---

[2] The People have not sought to strike defendant's responsive brief in connection with their appeal. Thus, we do not address here the right to strike a fugitive's response to another party's appeal.

[3] Only following the People's motion to dismiss the cross-appeal did defendant apply for a stay, but he did so in *this court.* Under rule 32, California Rules of Court, "[a]n application to the reviewing court for a stay of execution of a judgment of conviction on an appeal pending therein shall include a showing that proper application for a stay was made to the superior court, and that the superior court unjustifiably refused to grant the stay." As defendant has not exhausted his remedies or made the requisite showing required by the rule, we therefore deny his application without prejudice. If defendant submits himself to the trial court's jurisdiction and ends his fugitive status, he may seek a stay from the trial court pending appeal. However, just as defendant cannot pursue his appeal while he is a fugitive, he cannot seek affirmative relief in the form of a stay or otherwise, pending appeal, while he remains a fugitive.

Defendant could have also sought bail pending appeal. "[T]he right to bail under [Penal Code] section 1272, subdivision 2 [following a misdemeanor conviction] is dependent upon neither the time nor the form of the order or judgment imposing imprisonment. Rather, it is the fact of imprisonment and the right of appeal which invokes the statutory right to bail." (*In re O'Driscoll* (1987) 191 Cal.App.3d 1356, 1360 [236 Cal.Rptr. 882].)[4]

Second, it must be kept in mind that defendant was not convicted of possession of marijuana, which he asserts he uses for treatment, but of psilocyn and mescaline. If defendant's medical condition were to excuse compliance with a term of incarceration for an offense unrelated to that condition, such an argument could be used to excuse confinement for any crime that a defendant has committed. Defendant's argument proves too much.

Finally, defendant's medical condition does not grant him a right to flee the court's jurisdiction to avoid the court's judgment while simultaneously affording him the right to invoke that jurisdiction to attack the judgment.

Accordingly, we conclude that defendant's appeal is subject to dismissal because he may not invoke this court's jurisdiction to review the very judgment he flouts by fleeing the jurisdiction to avoid the judgment's jail term.

## DISPOSITION

It is ordered that defendant's cross-appeal be dismissed unless defendant, within 30 days from this date, surrenders himself to the custody of the appropriate Placer County officials. (See *People v. Clark, supra,* 201 Cal. at p. 477; *People v. Fuhr, supra,* 198 Cal. at p. 594; *People v. Elkins* (1898) 122 Cal. 654, 655 [55 P. 599]; *People v. Redinger, supra,* 55 Cal. at p. 299; *People v. Buffalo, supra,* 49 Cal.App.3d at p. 839.)

This does not preclude defendant from seeking bail or a stay of the jail term of his probation as long as he submits himself to the trial court's

---

[4]Penal Code section 1272 provides in relevant part:

"After conviction of an offense not punishable with death, a defendant who has made application for probation or who has appealed may be admitted to bail: [¶] . . . [¶]

"2. As a matter of right, before judgment is pronounced pending application for probation in cases of misdemeanors, or when the appeal is from a judgment imposing imprisonment in cases of misdemeanors."

The phrase "judgment imposing imprisonment" has been construed to include "an order or judgment suspending the imposition of sentence and placing the defendant on probation with a jail term as a condition of probation." (*In re O'Driscoll, supra,* 191 Cal.App.3d at p. 1359 and authorities cited therein.)

jurisdiction and ends his fugitive status. The People's appeal is unaffected by this disposition.

Blease, Acting P. J., and Hull, J., concurred.

Appellant's petition for review by the Supreme Court was denied June 19, 2002. Kennard, J., did not participate therein.