Filed 1/28/14  P. v. Moore CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DANIEL CRAIG MOORE,<br><br>    Defendant and Appellant.<br>──────────────────<br>In re DANIEL CRAIG MOORE,<br><br>    on Habeas Corpus. | A136129<br><br>(Contra Costa County<br> Super. Ct. No. 05-110619-4)<br><br><br><br>A140720 |

Daniel Craig Moore was charged with felony infliction of corporal injury to a spouse (Pen. Code, § 273.5, subd. (a)) and convicted of the lesser offense of misdemeanor assault (§ 240). He was also convicted of dissuading a witness from reporting a crime (§ 136.1, subd. (b)), injuring a wireless communication device (§ 591.5), and vandalism (§ 594, subd. (a)). The court granted defendant probation conditioned upon serving 180 days in jail. Defendant failed to appear for his jail commitment and returned to his native England. A warrant for defendant's apprehension was issued and remains active.

Defendant's attorney filed a notice of appeal on his behalf several days after defendant absconded. Defendant, through appointed counsel, continues to pursue his appeal and has also filed a petition for a writ of habeas corpus and coram vobis. On the court's own motion, the appeal and petition are consolidated. The Attorney General

1

moves to dismiss the appeal, claiming fugitive disentitlement. We shall dismiss the appeal and deny the petition.

## Discussion

An appellate court may dismiss the appeal of a defendant who is a fugitive from justice. (*Polanski v. Superior Court* (2009) 180 Cal.App.4th 507, 531.) As the California Supreme Court has long- recognized: "A party to an action cannot, with right or reason, ask the aid and assistance of a court in hearing his demands while he stands in an attitude of contempt to legal orders and processes of the courts of this state." (*MacPherson v. MacPherson* (1939) 13 Cal.2d 271, 277.) "Defendant's flight from the court's jurisdiction makes a mockery of the justice system because it places the misdemeanant, rather than the courts, in the position of determining whether to submit to the court's judgment." (*People v. Kubby* (2002) 97 Cal.App.4th 619, 626.)

Fugitive disentitlement "is not an automatic rule but a discretionary tool of the courts that may only be applied when the balance of all equitable concerns leads the court to conclude that it is a proper sanction for a party's flight." (*Polanski v. Superior Court*, *supra*, 180 Cal.App.4th at p. 533.) Disentitlement is appropriate here, where defendant seeks "relief from the courts while 'insulating [himself ]from the consequences of an unfavorable result." (*Id.* at p. 538.) " 'This is the heads I win, tails you'll never find me' " dynamic that arises when a fugitive seeks to undercut criminal proceedings against himself or herself without subjecting himself or herself to the criminal justice system. This fundamental enforceability problem is at the core of the disentitlement doctrine." (*Ibid.*)

## Disposition

The appeal is dismissed. The petition for a writ of habeas corpus and/or coram vobis is denied.

_____
Pollak, J.

We concur:

_____
McGuiness, P. J.

_____
Siggins, J.