Filed 6/9/14  P. v. Garcia CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOSE ANTONIO GARCIA,<br><br>    Defendant and Appellant. | H039436<br>(Monterey County<br>Super. Ct. No. SS130222) |

Defendant Jose Antonio Garcia pleaded no contest to felony possession of a dirk or dagger (Pen. Code, § 21310) and admitted misdemeanor participation in a gang (*id*. § 186.22, subd. (a)).  The court placed Garcia on three years' probation, with various terms and conditions.  Garcia timely appealed his sentence.

After briefing was completed, the People moved to dismiss the appeal on the ground that Garcia is a fugitive from justice.  The motion to dismiss was accompanied by a copy of a bench warrant for Garcia's arrest issued by the Monterey County Superior Court on October 25, 2013.  The Deputy Attorney General declared, on information and belief, that Garcia had not turned himself in as of March 2014.  Garcia's counsel opposed the motion to dismiss, arguing it was untimely and failed to establish Garcia had fled the jurisdiction, thus making him a fugitive.

" 'It is well settled that [a reviewing] court has the inherent power to dismiss an appeal by any party who has refused to comply with the orders of the trial court' " on the theory that " '[a] party to an action cannot, with right or reason, ask the aid or assistance

of a court in hearing his demands while he stands in an attitude of contempt to legal orders and processes of the courts of this state.' " (*People v. Kubby* (2002) 97 Cal.App.4th 619, 622 (*Kubby*).)  California courts regularly exercise that inherent power to dismiss the appeal of a fugitive from justice.  (*People v. Puluc-Sique* (2010) 182 Cal.App.4th 894, 897.)  Contrary to Garcia's contention, the People are not required to prove he has left the jurisdiction to invoke the "appellate disentitlement" doctrine, as it is known.  (*Ibid.*)  In the context of the appellate disentitlement doctrine, a fugitive is " '[o]ne who, with knowledge that he is being sought pursuant to court process in a criminal action, absents himself or flees.' " (*Kubby*, *supra*, at p. 624; see also Black's Law Dict. (9th ed. 2009) p. 741 [defining fugitive as "[a] criminal suspect or a witness in a criminal case who flees, evades, or escapes arrest, prosecution, imprisonment, service of process, or the giving of testimony, esp. by fleeing the jurisdiction or by hiding"].)  An appellant's failure to surrender renders him a fugitive.  In such cases, courts "often grant[] the defendants 30 days to return to the custody of the authorities before the dismissal becomes effective." (*Kubby*, *supra*, at p. 623.)

Accordingly, on April 23, 2014, we granted Garcia 30 days to present himself to the trial court and thus avoid dismissal of his appeal.  On May 22, 2014, Garcia's counsel informed us that he could present no documentation or evidence that Garcia had turned himself in to the trial court.  Therefore, the appeal is dismissed.

## DISPOSITION

The appeal is dismissed.

_____

Premo, J.

WE CONCUR:

_____

Rushing, P.J.

_____

Elia, J.