Filed 12/18/15  P. v. Marroquin CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JONATHAN MARROQUIN,<br><br>    Defendant and Appellant. | B267624<br><br>(Los Angeles County<br>Super. Ct. No. SA086753) |

APPEAL from an order of the Superior Court of Los Angeles County, Mark A. Young, Judge.  Dismissed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven E. Mercer and Idan Ivri, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant, Jonathan Marroquin, purports to appeal from an order denying his post-judgment application for resentencing pursuant to Penal Code section 1170.18, subdivision (a). It has come to our attention that he is the subject of a bench warrant seeking his arrest. We asked the parties to brief the issue of defendant's fugitive status and placed the matter on calendar. We agree with the Attorney General that given defendant's fugitive status, his appeal should be dismissed. (*People v. Fuhr* (1926) 198 Cal. 593, 594; *People v. Clark* (1926) 198 Cal. 453, 454; *People v. Elkins* (1898) 122 Cal. 654, 655; *People v. Redinger* (1880) 55 Cal. 290, 298; *People v. Kubby* (2002) 97 Cal.App.4th 619, 622-630*; People v. Perez* (1991) 229 Cal.App.3d 302, 308; *People v. Buffalo* (1975) 49 Cal.App.3d 838, 839; *People v. Sitz* (1913) 21 Cal.App. 54, 55.)

California's judicially declared rules concerning fugitive criminal defendants closely parallels United States Supreme Court and Ninth Circuit jurisprudence. (See *Ortega-Rodriguez v. United States* (1993) 507 US 234, 239; *Molinaro v. New Jersey* (1970) 396 US 365, 366; *Smith v. United States* (1876) 94 U.S. 97; *Katz v. United States* (9th Cir. 1990) 920 F.2d 610, 612.) Finally, none of defendant's contentions as to why we should exercise our discretion and decide the merits of the appeal have any merit. Defendant argues there were no factual issues to be resolved. Rather, defendant contends that this is simply a legal matter. With respect, we disagree. Defendant's right to resentencing is not automatic and is subject to a judicial finding that he does not present an unreasonable risk of danger to the public safety. (Pen. Code, § 1170.18, subd. (b); *People v. Rivera* (2015) 233 Cal.App.4th 1085, 1092.)

The appeal is dismissed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


TURNER, P. J.

We concur:

KRIEGLER, J.          BAKER, J.

2