Filed 2/4/16  P. v. Quinones CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G052307 |
| v. | (Super. Ct. No. C078106) |
| HENRY QUINONES, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Richard M. King, Judge.  Affirmed.

Christian C. Buckley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

Appellant Henry Quinones was convicted by a jury of 26 counts of lewd acts with a child (Pen. Code, § 288(a)), all arising from his continuous molestation of a girl who was eight years old at the time of trial. The trial court sentenced him, in absentia, to 56 years in state prison, a term arrived at by imposing the mid-term punishment of six years for the first count and adding two years (1/3 the statutory midterm) for each of the additional 25 counts.

Appellant eventually appealed from that sentence, and we appointed counsel to represent him. Counsel did not argue against his client, but advised this court he could find no issues to argue on appellant's behalf. (*People v. Wende* (1979) 25 Cal.3d 436.) He filed a brief which set forth the very unusual facts of the case and the points counsel had considered as possible appellate issues. Counsel also notified appellant of his right to submit a letter brief directly to us and appellant did so, but raised no cognizable arguments.

We have considered the points raised by counsel and have scoured the record – a record limited in this case by the absence of a trial transcript – for other possible issues. We agree with appellate counsel there are no arguable issues on appeal and therefore affirm.

FACTS

Appellant's trial began July 31, 1991. On August 29, after 13 days of trial, he failed to appear. No one knew where he was or why he did not show up for court. The trial judge conducted a hearing, determined appellant was voluntarily absent and proceeded under Penal Code section 1043, which allows for trial to continue under such circumstances. On September 9, after two days of deliberation, the jury convicted appellant on 26 of the 28 counts with which he was charged.

Although still unaware of where his client might be, trial counsel conscientiously filed a notice of appeal on his behalf. When appellant continued to absent himself from the court's jurisdiction, this court dismissed the appeal. For this reason, no reporter's transcript of the trial was ever prepared.

In 2014, appellant was found and extradited from Mexico. He appeared in court and the previously ordered 56 year sentence was imposed. He filed a second notice of appeal, which we address here.

DISCUSSION

There are no issues for us to review. Appellant's appeal has already been dismissed once. A reviewing court can always dismiss an appeal by a party who rejects the authority of the trial court. As explained by our Supreme Court, "A party to an action cannot, with right or reason, ask the aid or assistance of a court in hearing his demands while he stands in an attitude of contempt of the legal orders and processes of the courts of this state." (*MacPherson v. MacPherson* (1939) 13 Cal.2d 271, 277; *People v. Kubby* 97 Cal.App.4th 619, 622.)

Appellant disobeyed an order of the court to return for the next day of trial and voluntarily absented himself for 15 years. It would be difficult to be more contemptuous of the "legal orders and processes of the courts of this state" than that. (*MacPherson v. Mac Pherson, supra*, 13 Cal.2d at p. 277.) Case law recognizing the power of appellate courts to dismiss an appeal by a fugitive from justice go back in an uninterrupted line at least as far as *People v. Clark* (1927) 201 Cal. 474. In the absence of any explanation, our predecessors on this court, who dismissed appellant's appeal on that basis, cannot be faulted.

And no explanation has been forthcoming. Appellate counsel was unable to offer one, and appellant – while insisting he has a defense to the charges – has made no

3

effort to explain his unauthorized sabbatical. As appellate counsel points out, California Rules of Court, rule 8.272 (c)(2) gives us the authority to recall a remittitur and reassume jurisdiction over the case. But the rule applies to situations in which there is good cause. Here, there appears to be *no* cause – at least none that is offered.

Appellant's insistence that he could not have committed the crimes because he is sterile and his penis is too small, misapprehends the nature of the charges against him. Penal Code section 288, subdivision (a), applies to *any* lewd act with a child – not just intercourse. Physical inability to accomplish intercourse would not be a complete defense to the charge, and to the extent his alleged physical condition might have enabled him to impeach the complaining witness, doing so would have required him to be present to testify to it. He made a choice not to do that 15 years ago.

We can find nothing in appellant's trial, sentencing, or representation which might provide a legal argument with a reasonable chance of success. We find ourselves in complete agreement with appellate counsel that there is no basis here for an appeal.

DISPOSITION

The judgment is affirmed.


RYLAARSDAM, ACTING P. J.

WE CONCUR:


IKOLA, J.


THOMPSON, J.

4