Filed 11/2/20  P. v. Willett CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DARRIN WILLETT,<br><br>        Defendant and Appellant. | A158201<br><br>(Mendocino County Super. Ct.<br>No. SCTMCRCR2019300151) |

Darrin Willett appeals from a conviction of unlawful use of tear gas. He contends the trial court erred in failing to instruct the jury on self-defense and trial counsel's failure to request instructions on self-defense constituted in ineffective assistance of counsel.  Respondent seeks dismissal of the appeal pursuant to the fugitive disentitlement doctrine, based on appellant's failures to report to probation after being released from jail on mandatory supervision.

## BACKGROUND

Appellant was charged by information filed on January 15, 2019, with assault by a deadly weapon (Pen. Code, § 245, subd. (a)(1))[1] and unlawful use of tear gas (§ 22810, subd. (g)(1)), with allegations that he had four prior

---

[1] Further statutory references will be to the Penal Code unless otherwise stated.

1

felony convictions for which he had served prison terms (§ 667.5, subd. (b)). These charges were also the basis for a petition alleging appellant violated probation in a 2016 case (No. SCTM-CRCR-16-87363-1) in which he pled no contest to a charge of threat to use force against a crime victim (§ 140, subd. (a)).

After a jury trial, appellant was found guilty of unlawful use of tear gas and not guilty of assault with a deadly weapon or the lesser included offenses of assault (§ 240) or threatening with a weapon (§ 417, subd. (a)(1)). Appellant waived jury trial on the priors, and the court found them true. Based on the jury's guilty verdict, the court found appellant in violation of probation in the 2016 threat case, as well as in a 2018 case. On May 6, 2019, appellant was sentenced to a term of eight years,[2] to be served five years in confinement in local prison and three years on mandatory supervision.

Appellant filed a timely notice of appeal.[3] Counsel was appointed to represent appellant, and moved for a stay of appeal and limited remand for appellant to seek relief under Senate Bill No. 136, pursuant to which appellant would not be subject to the one-year terms for his prior prison sentences. We remanded, and on January 27, 2020, appellant was resentenced to four years, consisting of a three-year local prison term and one year of mandatory supervision.

Appellant was released from jail on April 2, 2020, to complete the mandatory supervision portion of his sentence. On May 4, 2020, the probation officer filed a petition for violation of mandatory supervision,

---

[2] The sentence was composed of the upper term of three years for the tear gas conviction, a consecutive one year for the threat conviction in the 2016 case, and four consecutive one-year terms for the prison priors.

[3] Appellant had previously filed a notice of appeal that was returned by the superior court clerk because appellant had used an incorrect form.

alleging appellant had failed to report to probation since release from jail, failed to keep probation advised of his residence and mailing address, failed to submit a monthly report form for April 2020, and failed to report after an appointment letter was mailed to his last reported address on April 7, 2020, for an appointment scheduled for April 21, 2020.  The petition stated that the probation officer had tried to contact appellant on three separate telephone numbers on April 7, but was unsuccessful.  A "Notice Fixing Time" was filed on May 4, 2020, setting a hearing date of June 1, 2020, for the petition for violation of mandatory supervision.  On June 1, 2020, the court revoked mandatory supervision and issued bench warrants in the present case and in the 2016 case.

Bench warrants were issued on June 1, 2020, and, as of the filing of this motion on September 1, 2020, remain outstanding.

On September 1, 2020, respondent filed a motion to dismiss the appeal pursuant to the fugitive disentitlement doctrine, representing that the bench warrants remained outstanding as of that date.

## DISCUSSION

" 'It has long been recognized that a convicted defendant who becomes a fugitive from justice forfeits the right to appeal that conviction.' " (*People v. Kubby* (2002) 97 Cal.App.4th 619, 622 (*Kubby*), quoting *People v. Perez* (1991) 229 Cal.App.3d 302, 308.)  "Appellate disentitlement based on fugitive status is not a jurisdictional doctrine, but a discretionary tool that may be applied when the balance of the equitable concerns makes it a proper sanction for a party's flight. (See *United States v. Van Cauwenberghe* (9th Cir.1991) 934 F.2d 1048, 1054.)  Various justifications have been advanced for its application:  (1) assuring the enforceability of any decision that may be rendered on or following the appeal (*Degen v. United States* (1996) 517 U.S.

3

820, 824; [*People v.*] *Redinger* [(1880)] 55 Cal. [290,] 298); (2) imposing a penalty for flouting the judicial process (*Kubby, supra,* 97 Cal.App.4th at p. 623); (3) discouraging flights from justice and promoting the efficient operation of the courts (*Kubby,* at p. 626; *Ortega–Rodriguez v. United States* (1993) 507 U.S. 234, 242); and (4) avoiding prejudice to the other side caused by the defendant's escape (*People v. Kang* (2003) 107 Cal.App.4th 43, 51)." (*People v. Puluc-Sique* (2010) 182 Cal.App.4th 894, 897–898.) " 'One who, with knowledge that he is being sought pursuant to court process in a criminal action, absents himself or flees is a fugitive from justice.' " (*Kubby,* at p. 624, quoting *Estate of Scott* (1957) 150 Cal.App.2d 590, 592.)

The Attorney General cites *Kubby* and *United States v. Gonzalez* (9th Cir. 2002) 300 F.3d 1048, 1051 (*Gonzalez*), for the proposition that failure to report to probation and "violations of probation over 30 days" have been held to meet the criteria for dismissal under the fugitive disentitlement doctrine. In *Kubby,* the defendant failed to surrender on the prescribed date to serve a jail term ordered as a condition of probation, and a bench warrant issued for his arrest. (*Kubby, supra,* 97 Cal.App.4th at p. 622.) The defendant claimed he was living in Canada for health reasons, as incarceration without access to medical marijuana to treat his adrenal cancer would be life threatening. (*Ibid.*) Given the defendant's admission that he had "knowingly absented himself from this state's jurisdiction," *Kubby* held he was "without question, a fugitive from justice." (*Id.* at p. 624.)

*Gonzalez, supra,* 300 F.3d 1048, denied a request to dismiss a criminal appeal under the fugitive disentitlement doctrine based on the defendant's failure to report to his probation officer and appear for community service as required by the conditions of his probation. On a Friday in November, the probation officer went to the defendant's address, was told by the apartment

manager that she saw the defendant at the apartment every day, and left a message with the daughter of the woman the defendant lived with for him to report to probation on Monday. (*Gonzalez,* at p. 1050.) He did not report, and eventually was arrested the following August. (*Id.* at pp. 1050–1051.) The record did "not indicate there was any difficulty finding him" or that there had been any attempts to locate or arrest him during the intervening months; he remained in the same city, albeit at a different address from where he had lived when he was sentenced. (*Ibid.*) The court held the record did not establish the defendant "was ever a fugitive at all, just that he didn't comply with his conditions of probation." (*Ibid.*)

Appellant likens his case to *Gonzalez,* and also to *Bhasin v. Gonzales* (9th Cir. 2005) 423 F.3d 977, which held the Board of Immigration Appeals abused its discretion in applying the doctrine of fugitive disentitlement based on the petitioner's failure to appear in response to a removal order. The record in *Bhasin* demonstrated that critical documents, including the notice to report for removal, had been sent to incorrect addresses for the petitioner and her attorneys on multiple occasions. (*Bhasin*, at p. 988.) The court found there were "serious questions" whether the petitioner ever received the notice to appear and distinguished cases finding "deliberate flouting of the immigration laws." (*Id.* at pp. 988–989.)

Here, appellant argues the record does not establish he has willfully fled, hidden, or absented himself from the court's jurisdiction. He maintains there is no evidence the probation officer made a sufficient effort to locate him, noting the probation officer did not go to appellant's last reported address as did the probation officer in *Gonzalez, supra,* 300 F.3d 1048, and there is no evidence the probation officer tried to confirm that the phone numbers he called were associated with appellant or left messages telling

appellant where and when to report. Appellant also urges there is no evidence he received notice of his obligation to report on April 21, such as a signed "return receipt" (*Bhasin v. Gonzales, supra,* 423 F.3d at p. 988 [distinguishing case in which return receipt demonstrated notice to appear had been received]), or that he received the revocation petition or notice of hearing on the petition, neither of which reflect service on him. Finally, appellant argues, he was released from jail in the midst of the COVID-19 pandemic, with state-wide stay at home orders in place, which he suggests "likely greatly restricted his movements, as well as where he was able to live, making flight far less likely, and locating him far easier were someone to undertake a real effort to do so."

Unlike *Bhasin*, the record here does not affirmatively show that the relevant notices were sent to the wrong address for appellant or his attorney or otherwise demonstrate appellant is not at fault for failing to comply with probation. The exhibits submitted by the Attorney General do not include the letter informing appellant of the April 21 appointment at the probation department or a separate proof of service for the "Notice Fixing Time" for the June 1 hearing date. The proof of service for the petition for violation of mandatory supervision, however, shows it was served on the Mendocino County Public Defender, appellant's counsel, and the petition states the June 1 hearing date on the first page. The "Notice Fixing Time" was filed on the same date as the violation petition and, like the petition, indicates at the bottom of the document, "Dist: CRT; DA; PD; FILE," apparently indicating it was provided to the public defender. Moreover, regardless of whether appellant knew of the April 21 appointment, he certainly was aware of his obligations to "physically report to Probation no later than the next business day following any release from custody" and "as directed by your Probation

6

Officer," to "keep the Probation Officer advised of your residence and mailing address at all times" and to "report in writing on forms provided by the Probation Department on or before the 15th day of each month"—appellant signed the "Amended Mandatory Supervision" form elaborating these and other conditions of his mandatory supervision on January 27, 2020.

In *Gonzalez,* the defendant had been arrested by the time the court issued its opinion, and the court stated the "purposes of the fugitive disentitlement doctrine would not be furthered by applying it here." (*Gonzalez, supra*, 300 F.3d at p. 1051.)  Here, it has been six months since appellant was released and four since the bench warrants issued.  Neither the record nor appellate counsel suggests any explanation for appellant's failure to comply with the requirements that he report to probation and keep probation apprised of his whereabouts.  And since the record indicates the petition for violation of mandatory supervision and notice of the hearing date were served on appellant's counsel, there is a basis for inference that appellant either has not kept counsel informed how to reach him or has failed to respond despite counsel informing him of the petition and hearing.  Unlike the situation in *Gonzalez,* the facts here suggest application of the rationale that "it would be senseless to decide an appeal whose determination cannot be enforced."  (*Kubby, supra*, 97 Cal.App.4th at p. 623.)

A number of cases finding it proper to dismiss an appeal due to the defendant being a fugitive from justice grant the defendant 30 days to return to custody of the authorities before the dismissal becomes effective.  (*Kubby, supra,* 97 Cal.App.4th at p. 623 [citing cases].)  We will follow this course.  If appellant fails to demonstrate he has submitted to the jurisdiction of the court within 30 days of the issuance of this opinion, the appeal shall be dismissed.

**DISPOSITION**

The appeal shall be dismissed unless appellant, within 30 days of the filing of this opinion, surrenders himself to the custody of the appropriate Mendocino County officials.  (*Kubby, supra,* 97 Cal.App.4th at p. 629.)

_____
Richman, Acting P.J.

We concur:


_____
Stewart, J.


_____
Miller, J.


*People v. Willett* (A158201)

9