[No. A123451. First Dist., Div. Five. Mar. 8, 2010.]

THE PEOPLE, Plaintiff and Respondent, v.
ELVER BERNARDINO PULUC-SIQUE, Defendant and Appellant.

COUNSEL

Jonathan D. Soglin, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Gerald A. Engler, Assistant Attorney General, Catherine A. Rivlin, Karen Z. Bovarnick and Jason Sjoberg, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

NEEDHAM, J.—An appellate court possesses the inherent power to dismiss the appeal of a criminal defendant who is a fugitive from justice. In this case, the People ask us to extend the appellate disentitlement doctrine to a defendant who has been deported from this country by United States Immigration and Customs Enforcement (ICE). We conclude that absent additional circumstances not presented here, a defendant who has been deported does not stand in the same shoes as one who has voluntarily placed himself beyond the court's control. We therefore deny the motion to dismiss the appeal.

## I.  FACTS AND PROCEDURAL HISTORY

Defendant Elver Bernardino Puluc-Sique pled no contest to possession of cocaine. (Health & Saf. Code, § 11350, subd. (a).) He was granted probation with drug treatment conditions under Proposition 36. (Pen. Code, § 1210.1; see generally *Gardner v. Schwarzenegger* (2009) 178 Cal.App.4th 1366,

1369–1371 [101 Cal.Rptr.3d 229].) Defendant filed a timely appeal from the judgment granting him probation and has submitted an opening brief in which he argues that the minute order from the sentencing hearing must be amended because it contains probation conditions not orally imposed by the court.

The People have filed a motion to dismiss the appeal on the ground that defendant is a fugitive from justice. In support of their claim that defendant is a fugitive, they rely on a postjudgment order summarily revoking his probation due to his failure to report to his probation officer and his failure to keep the probation department advised of his whereabouts. Defendant's appellate counsel opposed the motion and filed a declaration stating that defendant had been released to ICE and deported after his sentencing. Counsel argues that the appellate disentitlement doctrine does not apply to a defendant who has not left the country of his own volition.

The People do not dispute that defendant was deported, but they maintain in their reply papers that the appeal should be dismissed because he is now beyond the territorial jurisdiction of this court. We set the motion on calendar for oral argument. (Cal. Rules of Court, rule 8.54(b)(2).)

## II. *DISCUSSION*

■ A reviewing court possesses the inherent power to dismiss an appeal by a party who has refused to comply with the orders of the trial court. (*People v. Kubby* (2002) 97 Cal.App.4th 619, 622 [118 Cal.Rptr.2d 588] (*Kubby*).) In keeping with this principle, it has long been the rule in California that a court may dismiss the appeal of a fugitive from justice. (*Id.* at pp. 622–623; *People v. Clark* (1927) 201 Cal. 474, 477 [259 P. 47]; *People v. Redinger* (1880) 55 Cal. 290, 298 (*Redinger*).) Federal decisions have also recognized that an appellate court may refuse to hear the appeal of a defendant who has escaped from custody or otherwise absconded. (*Molinaro v. New Jersey* (1970) 396 U.S. 365, 366 [24 L.Ed.2d 586, 90 S.Ct. 498] (*Molinaro*).)

Appellate disentitlement based on fugitive status is not a jurisdictional doctrine, but a discretionary tool that may be applied when the balance of the equitable concerns make it a proper sanction for a party's flight. (See *U.S. v. Van Cauwenberghe* (9th Cir. 1991) 934 F.2d 1048, 1054.) Various justifications have been advanced for its application: (1) assuring the enforceability of any decision that may be rendered on or following the appeal (*Degen v. United States* (1996) 517 U.S. 820, 824 [135 L.Ed.2d 102, 116 S.Ct. 1777]; *Redinger, supra,* 55 Cal. at p. 298); (2) imposing a penalty for flouting the judicial process (*Kubby, supra,* 97 Cal.App.4th at p. 623); (3) discouraging flights

from justice and promoting the efficient operation of the courts (*Kubby*, at p. 626; *Ortega-Rodriguez v. United States* (1993) 507 U.S. 234, 242 [122 L.Ed.2d 581, 113 S.Ct. 1199]); and (4) avoiding prejudice to the other ·side caused by the defendant's escape (*People v. Kang* (2003) 107 Cal.App.4th 43, 51 [131 Cal.Rptr.2d 447]). (See *U.S. v. Zedner* (2d Cir. 2008) 555 F.3d 68, 77.)[1]

■ The People's reliance on appellate disentitlement is misplaced. Defendant is not a fugitive from justice, but was deported from the country by ICE. Though deportation might interfere with one's ability to comply with the conditions of probation, a defendant who has been involuntarily deported has not willfully flouted the court's orders in the same sense as one who has escaped custody or fled from the authorities. Consideration of an appeal by such a defendant does not threaten the integrity of the judicial system. Appellate disentitlement is, fundamentally, a doctrine based on forfeiture: a defendant who escapes or otherwise flees the authorities gives up the right to challenge a conviction or sentence while refusing to abide by its consequences. (See *Kubby, supra*, 97 Cal.App.4th at p. 624.) Absent some additional wrongful conduct by the defendant amounting to forfeiture of the right to challenge a judgment, deportation does not, in and of itself, warrant the dismissal of a pending appeal.

The People suggest that fugitive status is not required for appellate disentitlement when the defendant is residing outside the country. They rely on *People v. Brych* (1988) 203 Cal.App.3d 1068, 1077 [250 Cal.Rptr. 402], in which the court dismissed the appeal of a defendant who did not escape custody, but voluntarily emigrated from the United States after serving his prison sentence. Although the defendant in *Brych* was not a fugitive from justice, he had severed all contact with his attorneys and would not disclose his current location. (*Id.* at pp. 1074–1075.) The appellate court concluded that the equities favored a dismissal of the appeal because the defendant had placed himself "in the enviable position of being able to decide unilaterally whether to return to the United States in the event [the appellate court] reverses his conviction . . . ." (*Id.* at p. 1077.) Here, defendant did not leave the country voluntarily, and the information before this court does not establish that he has purposefully hidden his whereabouts, refused to cooperate with his appellate counsel or otherwise used his absence from the country for any particular advantage. The equities are considerably different than they were in *Brych*.

---

[1] A comprehensive discussion of these factors is contained in the recent decision in *Polanski v. Superior Court* (2009) 180 Cal.App.4th 507, 531–536 [102 Cal.Rptr.3d 696] (*Polanski*).

The facts of the current case are closer to those in *United States v. Campos-Serrano* (1971) 404 U.S. 293, 294–295, fn. 2 [30 L.Ed.2d 457, 92 S.Ct. 471] (*Campos-Serrano*), in which the United States Supreme Court considered the merits of a certiorari petition by a criminal defendant who was deported after being placed on probation for three years on the condition that he leave the country and not return illegally. The court distinguished the circumstances of a defendant who has been deported from one who has voluntarily fled the country. In the latter situation, " '[w]hile such an escape does not strip the case of its character as an adjudicable case or controversy, we believe it disentitles [the party] to call upon the resources of the Court for determination of his claims.' " (*Ibid.*, quoting *Molinaro, supra*, 396 U.S. at p. 366.) The same considerations did not apply to a deported defendant who had not fled from the restraints imposed by the court. (*Campos-Serrano*, at p. 295, fn. 2.)

■ Taking a slightly different approach in their reply papers, the People argue that the appeal must be dismissed not because defendant is a fugitive, but because deportation has placed him beyond the jurisdiction of the courts of this state. They note that in *Redinger*, the first California case to recognize appellate disentitlement based on fugitive status, the court observed that "courts have no jurisdiction over persons charged with crime, unless in custody actual or constructive." (*Redinger, supra*, 55 Cal. at p. 298.) The People take this statement out of context. While it is true that a defendant must be personally present during various stages of a criminal prosecution, he may appear through counsel on appeal, whether in custody or not. (*Ibid.*; see Pen. Code, § 1255.) The *Redinger* court recognized as much, but concluded that a defendant who had escaped custody after the court denied his motion for new trial was not entitled to proceed by counsel unless and until he returned to custody. (*Redinger*, at p. 298.) Unlike the situation in *Redinger*, there is no reason in this case to disallow defendant's appearance on appeal through his appointed counsel, as allowed by Penal Code section 1255.

Nor are we persuaded by the People's reliance on *People v. Villa* (2009) 45 Cal.4th 1063 [90 Cal.Rptr.3d 344, 202 P.3d 427], in which the court held that a defendant detained by ICE after the expiration of his sentence and probationary period was not in state custody for habeas corpus purposes. (*Id.* at p. 1066.) Penal Code section 1473, which allows a person to petition for a writ of habeas corpus only when "unlawfully imprisoned or restrained of his liberty," has been construed to limit the writ to persons in actual or constructive custody authorized by the State of California. (*Id.*, subd. (a); see *Villa*, at p. 1073.) The *Villa* court's conclusion that a detention by ICE is itself insufficient to constitute state custody under that statute does not support the People's argument that a criminal appeal, which does not require a defendant's personal presence, must be dismissed whenever the defendant is deported.

The People also rely on *People v. Campos* (1988) 198 Cal.App.3d 917, 923 [244 Cal.Rptr. 75], for the proposition that failure to report to one's probation officer may be a violation of probation even if it is attributable to a defendant's deportation rather than his voluntary evasion of the authorities. Other decisions have held to the contrary. (See *People v. Cervantes* (2009) 175 Cal.App.4th 291, 295–297 [95 Cal.Rptr.3d 858] [defendant's nonappearance at probation review hearing was not a probation violation when he was prevented from appearing by the immigration authorities]; *People v. Galvan* (2007) 155 Cal.App.4th 978, 982–985 [66 Cal.Rptr.3d 426] [defendant who was unable to report in person due to deportation did not willfully violate probation condition].) In any event, failing to comply with a reporting requirement imposed as a condition of probation does not trigger the appellate disentitlement doctrine unless there is also evidence the defendant has "fled or hidden from the jurisdiction of the court." (*U.S. v. Gonzalez* (9th Cir. 2002) 300 F.3d 1048, 1051; see also *U.S. v. Murguia-Oliveros* (9th Cir. 2005) 421 F.3d 951, 954; *Kubby, supra,* 97 Cal.App.4th at p. 627.) The issue before us is not whether defendant has violated probation but whether he has fled or hidden from the court, thus warranting the dismissal of his appeal.

We emphasize that this is not a case in which defendant's deportation has rendered the appeal moot. Because his probation has only been summarily revoked, he remains subject to the terms and conditions imposed by the court. (*People v. Lewis* (1992) 7 Cal.App.4th 1949, 1952–1955 [10 Cal.Rptr.2d 376].) This appeal seeks a determination of the conditions that were actually imposed by the court, and the resolution of that issue could affect defendant's rights should he return to this country in the future. (Cf. *Polanski, supra,* 180 Cal.App.4th at pp. 529–530 [fugitive's request for hearing on petition to dismiss action based on prosecutorial misconduct not rendered moot by defendant's arrest pending extradition]; *Campos-Serrano, supra,* 404 U.S. at pp. 294–295, fn. 2 [appeal not moot where deported defendant could return to country and face imprisonment for violation of probation conditions]; *In re Edwardo V.* (1999) 70 Cal.App.4th 591, 593, fn. 1 [82 Cal.Rptr.2d 765] [court declined to dismiss as moot the appeal of a juvenile ward who had been deported, even though he had lost contact with his counsel].) Nor is this a case in which defendant has waived or forfeited his right to pursue an appeal.[2]

---

[2] At oral argument, the People suggested that because the court advised defendant he would be deported as a consequence of his no contest plea, that plea operated as a waiver of his right to appeal. The claim is unavailing. Deportation was not a condition of the plea; it was an adverse consequence of which the trial court was required to advise. (Pen. Code, § 1016.5.) Defendant's decision to plead no contest in the face of the knowledge that he would be deported cannot be reasonably construed as a waiver of his right to appeal. (See *Campos-Serrano, supra,* 404 U.S. at pp. 294–295, fn. 2 [defendant who was deported after he agreed as a condition of his probation to leave the country and not return illegally was entitled to pursue appeal].)

### III. *CONCLUSION*

Appellate disentitlement is a discretionary doctrine that must be applied in a manner that takes into account the equities of the individual case. (See *Polanski, supra,* 180 Cal.App.4th at pp. 533–536.) The equities in this case do not favor dismissal. Defendant is not a fugitive from justice. He has not flouted his sentence or otherwise abused the judicial system. The People have stated no compelling reason to extend the disentitlement doctrine to defendant, nor have they established that his absence from the country otherwise deprives this court of the fundamental power to hear his appellate claims.

### IV. *DISPOSITION*

The People's motion to dismiss the appeal is denied. This court shall consider the appeal on its merits. The People shall have 30 days from the date this opinion is final to file a respondent's brief.

Jones, P. J., and Simons, J., concurred.