Filed 8/19/20  P. v. Olmsted CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B304364 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA479260) |
| v. | |
| ADRIAN JAMES OLMSTED, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Michael Garcia, Judge.  Appeal dismissed.

Kiran Prasad, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

We review this appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436.

On November 5, 2019, a jury found appellant guilty of assault with a deadly weapon, to wit, a dumbbell, in violation of Penal Code section 245, subdivision (a)(1). On December 20, 2019, the trial court sentenced appellant to formal probation for a period of three years and he was conditionally released to the AADAP residential treatment program. On January 11, 2020, appellant was discharged from the residential treatment program. On January 22, 2020, the trial court revoked probation and issued a no bail bench warrant, which it held until January 31, 2020. On January 31, 2020, the trial court released the hold because appellant had failed to appear without sufficient excuse.

At trial, the People proved their case with the testimony of the victim and his supervisor; the 911 call the victim made on the night of the assault; and a dark and very brief video of the assault. On June 30 2019, at around 10:00 p.m., the victim, a security guard at the Farmer's Market, was walking from the bus stop on Fairfax to his place of employment. When he got off the bus, he noticed a man, later identified as appellant, on the sidewalk looking at him. The victim began to walk towards his office and appellant followed him, at one point saying, "You remember me? You called the police on me."

The victim responded that appellant must be mistaken. At that point, appellant hit the victim with a black dumbbell on his right shoulder. The victim fell to the ground and screamed for help while appellant kicked and punched him. Passersby chased appellant away.

2

The victim's supervisor, Elliott Cabrera, testified that at around 6:30 p.m. on the day of the assault, he had seen appellant at the Farmer's Market carrying a dumbbell. When Cabrera later learned the victim had been assaulted by a man with a dumbbell, Cabrera notified the police of his observations. Four days after the assault, appellant was arrested when he was seen in the Farmer's Market area.

Olmstead filed a timely notice of appeal.

We appointed counsel to represent Olmstead on appeal. After examining the record, counsel filed an opening brief raising no issues and asking this court to review the record independently as required by *People v. Wende*. Counsel also declared under penalty of perjury that he had been unable to advise his client of the nature of the brief and of his right to file a supplemental brief because Olmstead was released from the AADAP residential treatment center on January 11, 2020 and counsel does not have a more recent address for him. Appellant is still subject to the warrant for his arrest issued on January 31, 2020. For the same reason, we are similarly unable to advise Olmstead of his right to file a supplemental brief raising issues or contentions he wishes us to consider.

We have examined the entire record and are satisfied that Olmstead's counsel has fully complied with his responsibilities and that no arguable issues exist. (*People v. Wende*, *supra*, 25 Cal.3d at p. 441.)

More importantly, a reviewing court possesses the inherent power to dismiss an appeal by a party who has refused to comply with the orders of the trial court. (*People v. Kubby* (2002) 97 Cal.App.4th 619, 622.) In keeping with this principle, it has long been the rule in California that a court may dismiss the

appeal of a fugitive from justice.  (*People v Puluc-Sique* (2010) 182 Cal.App.4th 894, 897.)  Here the trial court revoked appellant's probation after his discharge from the residential drug treatment program and issued a bench warrant for his arrest.  He has not appeared to date.  Appellant is not entitled to invoke his appellate rights while at the same time flaunting his obligations under the trial court's order of probation.

### DISPOSITION

The appeal is dismissed.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**




STRATTON, J.


We concur:




BIGELOW, P. J.




WILEY,  J.




4