Filed 9/23/25  Marriage of Silberberg CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re the Marriage of MARY and DARYL SILBERBERG. | |
| MARY SILBERBERG,<br><br>Respondent,<br><br>v.<br><br>DARYL SILBERBERG,<br><br>Appellant. | F087356<br><br>(Super. Ct. No. RFL-19-000201)<br><br>**OPINION** |

APPEAL from an order of the Superior Court of Kern County.  Kenneth G. Pritchard, Judge.

Merritt L. McKeon for Appellant.

Cage & Miles, John T. Sylvester, for Respondent.

-ooOoo-

### INTRODUCTION

This is the second appeal arising from a marital dissolution action filed by Mary Silberberg (respondent) against Daryl Silberberg (appellant).  On April 29, 2025, this court issued an opinion affirming the trial court following an appeal from the dissolution judgment.  In this appeal, Daryl contends he should not be required to pay Mary attorney

fees to allow her to defend against the first appeal, because the trial court denied his ability to put on live testimony in connection with the attorney fee request concerning a purported inheritance Daryl believed Mary would receive following her father's death. Setting aside the merits of this case, we note this is the second appeal Daryl has filed while refusing to comply with the trial court's presumptively valid orders from which he appeals. Nor has Daryl taken any of the legal steps a litigant may take—such as posting an appeal bond or seeking discretionary relief from the trial court—which might stay the lower court's order pending appeal. In the first appeal, we exercised our discretion to consider the merits of the appeal notwithstanding Daryl's noncompliance. However, this conduct cannot be tolerated indefinitely. Considering all of the circumstances of this case, we conclude the doctrine of disentitlement bars Daryl from pursuing this appeal. Accordingly, we dismiss the appeal without reaching the merits of Daryl's arguments.

## BACKGROUND

The full factual background of this case is set forth in our prior opinion *In re Marriage of Daryl and Mary Silberberg* (*Silberberg I*) (Apr. 29, 2025, F085618) [nonpub. opn.] 2025 WL 1232643 and is not repeated in full here. In *Silberberg I*, we considered an appeal from a judgment of dissolution, and affirmed the trial court's judgment in full. During the pendency of that appeal, Mary sought a further award of $50,000 in attorney fees in the trial court pursuant to Family Code section 2030[1] in order to allow her to defend against the appeal. Daryl opposed this request, claiming he lacked the ability to pay a further order of attorney fees. Notably, however, although Daryl claimed his business income had declined precipitously, the tax return submitted by Daryl in connection with his opposition to this request showed an adjusted gross income of approximately $280,000, which was slightly higher than what the trial court had determined Daryl's anticipated income to be in connection with the dissolution judgment.

---

[1] All further statutory references are to the Family Code, unless otherwise noted.

2.

Daryl claimed he anticipated his future business income would decline, due to disruptions in the insurance markets. Further, Daryl asserted he believed Mary either had inherited or would inherit a substantial amount of money following the death of her father.

The court issued a written ruling and statement of decision on July 17, 2023, following Daryl's request for a statement of decision. It concluded Daryl's request to give live testimony was a "stalling tactic," because he had "historically claimed his income has decreased only to admit on cross examination this income was higher than he testified on direct." It also stated Daryl "has claimed [Mary] has a substantial inheritance for the length of this dissolution. At trial, he offered no evidence except his opinion she has such an inheritance. The trial court declines to rehear a trial issue while an appeal is pending."

As we previously determined in our order of May 8, 2025, Daryl timely filed a notice of appeal of this order.

## DISCUSSION

As a preliminary matter, Mary argues again in connection with this appeal that Daryl's appeal should be dismissed pursuant to the doctrine of disentitlement, because he has paid her none of the $50,000 in attorney fees the trial court directed him to pay. The doctrine of disentitlement is a discretionary doctrine whereby, in an exercise of its inherent power, an appellate court may dismiss an appeal when the appealing party has refused to comply with a lower court's order. "A party to an action cannot, with right or reason, ask the aid and assistance of a court in hearing his demands while he stands in an attitude of contempt to legal orders and processes of the courts of this state." (*MacPherson v. MacPherson* (1939) 13 Cal.2d 271, 277; see *Blumberg v. Minthorne* (2015) 233 Cal.App.4th 1384, 1391; *Stoltenberg v. Ampton Investments, Inc.* (2013) 215 Cal.App.4th 1225, 1230 (*Stoltenberg*).) "Appellate disentitlement … is not a jurisdictional doctrine, but a discretionary tool that may be applied when the balance of the equitable concerns make it a proper sanction." (*People v. Puluc-Sique* (2010)

3.

182 Cal.App.4th 894, 897.)  " 'Dismissal is not " 'a penalty imposed as a punishment for criminal contempt.  It is an exercise of a state court's inherent power to use its processes to induce compliance' " with a presumptively valid order.' " (*In re E.M.* (2012) 204 Cal.App.4th 467, 474.)

"The power to dismiss an appeal for refusal to comply with a trial court order has been exercised in a variety of circumstances, including: where a parent had taken and kept children out of the state in violation of a divorce decree [citations]; where a husband had failed to pay alimony as ordered in an interlocutory judgment of divorce [citation]; where a party in a civil action was a fugitive from justice and in contempt of the superior court for failure to appear on criminal charges after being released on bail [citation]; and where defendants willfully failed to comply with trial court orders regarding a receivership.  [Citation.]  Moreover, the inherent power to dismiss an appeal has been exercised in several cases where a party failed or refused to appear for a judgment debtor examination." (*TMS, Inc. v. Aihara* (1999) 71 Cal.App.4th 377, 379–380.)  "No formal judgment of contempt is required; an appellate court 'may dismiss an appeal where there has been *willful disobedience or obstructive tactics*.' " (*Stoltenberg*, *supra*, 215 Cal.App.4th at p. 1230.)  "The disentitlement doctrine 'is particularly likely to be invoked where the appeal arises out of the very order (or orders) the party has disobeyed.' " (*Ironridge Global IV, Ltd. v. ScripsAmerica, Inc.* (2015) 238 Cal.App.4th 259, 265 (*Ironridge*).)

This doctrine is "based upon fundamental equity and is not to be frustrated by technicalities." (*Stone v. Bach* (1978) 80 Cal.App.3d 442, 444 (*Stone*).)  Additionally, the merits of the appeal are irrelevant to the application of the doctrine, and it is no defense to say the orders violated were invalid or unlawful. (*Ironridge,* at p. 265; *Stone*, *supra*, at p. 448 ["At oral argument, [appellant's] reason for refusal to comply with the trial court's orders … was that the orders and the judgment of the court are invalid, as he will assertedly demonstrate during the appeal.  This is the worst kind of bootstrapping.  A

4.

trial court's judgment and orders, all of them, are presumptively valid and must be obeyed and enforced. [Citation.] They are not to be frustrated by litigants except by legally provided methods."].)

This doctrine has been raised before against Daryl. In *Silberberg I*, we denied Mary's motion to dismiss the merits appeal, noting the discretionary nature of the doctrine and a general preference for resolving legal issues on the merits. (*Silberberg I*, *supra*, 2025 WL 1232643, at *1, fn.3.) However, Daryl did not dispute then that he had failed to make the payments ordered by the trial court. Further, we noted in *Silberberg I* that, "[w]hile Daryl makes numerous arguments, most are largely unsupported by citation to the record or authority." (*Silberberg I*, *supra*, 2025 WL 1232643, at *1.) We observed repeatedly that it was difficult to discern what Daryl was even arguing in his appeal from the dissolution judgment. (*Id.* at *5, *7–8, *10–11, *13.) While we did exercise our discretion not to dismiss the appeal in its entirety, our experience in *Silberberg I* was consonant with comments by the trial court that Daryl's arguments were often inconsistent with the evidence presented, and that much of his behavior appeared to be primarily for dilatory purposes.

In the current appeal, Daryl has filed no reply, and thus does not dispute the assertion that he has not paid the $50,000 in attorney fees ordered by the trial court. Perhaps even more important is that Daryl has not apparently sought to avail himself of the *legal* means for staying enforcement of a trial court order or judgment in either appeal, by posting a bond or undertaking as required by statute. "Unless an undertaking is given, the perfecting of an appeal shall not stay enforcement of the judgment or order in the trial court if the judgment or order is for any of the following: (1) Money or the payment of money[.]" (Code Civ. Proc., § 917.1, subd. (a)(1).) Indeed, California law specifically notes in relation to disputes arising under the Family Code that, "[t]he perfecting of an appeal shall not stay enforcement of the judgment or order of the trial court awarding attorney's fees or costs, or both, if the judgment or order appealed from

5.

was rendered in a proceeding under the Family Code, unless an undertaking is given in a sum and upon conditions fixed by the trial court." (Code Civ. Proc., § 917.75.) Aside from the posting of a bond or undertaking, Daryl could also have sought discretionary relief from the trial court through a demonstration of his indigence and inability to obtain sufficient sureties. (Code Civ. Proc., § 995.240; *Burkes v. Robertson* (2018) 26 Cal.App.5th 334, 346.)

Additionally, while we do not reach the merits of this appeal in this opinion, we have reviewed the substantive arguments. Again, we note it is often difficult to discern what precise legal error is even being alleged. Further, several of the arguments are unsupported by adequate citations to the record or pertinent legal citations. This further strengthens our belief that the primary driver behind this appeal is not a reasonable belief by Daryl that the trial court committed legal error, but rather simply to delay a payment ordered in a presumptively valid exercise of the trial court's jurisdiction. This cannot be condoned and is not an appropriate use of the appellate process.

To summarize, we are faced with an order to pay attorney fees, which is an order for the payment of money, thus clearly falling within Code of Civil Procedure sections 917.1 and 917.75. There is no evidence in the record that Daryl ever asked the trial court for a stay of the order pending appeal due to indigency or inability to pay. The record does not indicate he ever secured a bond or undertaking to cover the amount in dispute. There is nothing in the record, or even representations made in the briefing, that he even *sought* to post such a bond or undertaking, but was unable to do so. Thus, we are left with the understanding that Daryl has neither paid the $50,000 in contention, nor sought any of the various available avenues of legal relief to avoid this payment during the pendency of the appeal. We thus conclude his disobedience of the lower court orders is willful, and that he is not entitled to pursue this appeal.

## DISPOSITION

For the reasons given above, this appeal is dismissed.[2]  Mary shall recover her costs on appeal.

SNAUFFER, J.

WE CONCUR:

PEÑA, Acting P. J.

MEEHAN, J.

---

[2] Because this appeal is being dismissed without reaching the merits, all motions filed in connection with arguments on the merits, including Daryl's request for judicial notice, are denied.