Filed 6/5/26  In re B.E.S. CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re B.E.S., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B348118 (Super. Ct. No. 2021006846) (Ventura County) |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>B.E.S.,<br><br>    Defendant and Appellant. | |

    In 2020, B.E.S. was 17 years old when he allegedly sexually abused four young women.  In a third amended delinquency petition (Welf. & Inst. Code, § 602), the prosecution alleged that B.E.S. committed six counts of a forcible lewd act upon a child

(Pen. Code,[1] § 288, subd. (b)(1); counts 1–6), two counts of assault of a person under 18 years old (§ 220, subd. (a)(2); counts 7–8), rape of an intoxicated person (§ 261, subd. (a)(3); count 9), sodomy by anesthesia or controlled substance (§ 286, subd. (i); count 10), forcible rape (§ 261, subd. (a)(2); count 11), sexual penetration with force, violence, duress, menace, or fear (§ 289, subd. (a)(1)(A); count 12), and two counts of oral copulation against the victim's will by force, duress, menace, or fear (§ 287, subd. (c)(2)(A); counts 13–14).

The prosecution moved to transfer the matter to an adult court of criminal jurisdiction. While the motion was still pending, B.E.S. failed to appear in court. His counsel informed the court that she no longer had communication with B.E.S. The juvenile court issued a warrant for failure to appear. An investigator found that B.E.S. took a flight to England in December 2024 and did not return. The juvenile court proceeded with the transfer motion with B.E.S. in absentia. The court granted the transfer motion, finding clear and convincing evidence that B.E.S. was not amenable to rehabilitation under the juvenile court's jurisdiction.

Defense counsel appeals the transfer order on B.E.S.'s behalf. The Attorney General moves to dismiss the appeal on the ground that B.E.S. is a fugitive from justice. To our knowledge, B.E.S. still has not been located and remains at large. We dismiss the appeal.

## DISCUSSION

An appellate court may dismiss the appeal of a defendant who is a fugitive from justice. (*Polanski v. Superior Court* (2009) 180 Cal.App.4th 507, 531 (*Polanski*).) As our Supreme Court has

---

[1] Further unspecified statutory references are to the Penal Code.

2

long recognized: "A party to an action cannot, with right or reason, ask the aid and assistance of a court in hearing his demands while he stands in an attitude of contempt to legal orders and processes of the courts of this state." (*MacPherson v. MacPherson* (1939) 13 Cal.2d 271, 277.) "[C]ourts have no jurisdiction over persons charged with crime, unless in custody actual or constructive. It would be a farce to proceed in a criminal cause, unless the Court had control over the person charged, so that its judgment might be effective." (*People v. Redinger* (1880) 55 Cal. 290, 298 (*Redinger*).)

"Appellate disentitlement based on fugitive status is not a jurisdictional doctrine, but a discretionary tool that may be applied when the balance of the equitable concerns make it a proper sanction for a party's flight. [Citation.] Various justifications have been advanced for its application: (1) assuring the enforceability of any decision that may be rendered on or following the appeal [citations]; (2) imposing a penalty for flouting the judicial process [citation]; (3) discouraging flights from justice and promoting the efficient operation of the courts [citations]; and (4) avoiding prejudice to the other side caused by the defendant's escape [citation]." (*People v. Puluc–Sique* (2010) 182 Cal.App.4th 894, 897–898.)

We conclude that applying the fugitive disentitlement doctrine is appropriate here. B.E.S. fled to England while his transfer motion was still pending and remains at large. Thus, B.E.S. seeks "relief from the courts while 'insulating [himself] from the consequences of an unfavorable result.' " (*Polanski*, *supra*, 180 Cal.App.4th at p. 538.) "This is the ' "heads I win, tails you'll never find me" ' [citation] dynamic that arises when a fugitive seeks to undercut criminal proceedings against himself

3

or herself without subjecting himself or herself to the criminal justice system.  This fundamental enforceability problem is at the core of the disentitlement doctrine." (*Ibid.*)

We see no reason why the disentitlement doctrine should not apply to juvenile justice cases.  The justifications for fugitive disentitlement that apply to adult criminal cases apply here.  Because the juvenile court ordered B.E.S. transferred to adult criminal court, B.E.S.'s amenability to rehabilitation under the juvenile court's jurisdiction was "the ultimate question for the court to decide." (*In re E.P.* (2023) 89 Cal.App.5th 409, 416.)  By fleeing to Europe and remaining at large, B.E.S. has eschewed the juvenile court's jurisdiction.

How can B.E.S. be amenable to rehabilitation by absconding to Europe and remaining at large?  Not only has he made it impossible for the juvenile court to potentially rehabilitate him, but also B.E.S., who is now 23 years old, has severely shortened the time for doing so.  (See *In re E.E.* (2020) 49 Cal.App.5th 195, 208 [discussing application of disentitlement doctrine to juvenile dependency cases where parents fled from the court's jurisdiction and violated custody or placement orders, "thereby making it impossible for the court to safeguard the children's best interests"]; Welf. & Inst. Code, § 607, subds. (c), (d).)

It would be a "farce" to proceed on the merits of the appeal given B.E.S.'s status as a fugitive from justice. (*Redinger*, *supra*, 55 Cal. at p. 298.)   For these reasons, we dismiss the appeal based on the fugitive disentitlement doctrine.

4

DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED.


BALTODANO, J.


We concur:


YEGAN, Acting P. J.


CODY, J.

Ferdinand D. Inumerable, Judge

Superior Court County of Ventura

_____

Courtney M. Selan, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Daniel C. Chang, Deputy Attorneys General, for Plaintiff and Respondent.